## WILLIAM BERBER AND WIFE, Plaintiffs in Error, *v.* FRANCIS KERZINGER, Defendant in Error.

### ERROR TO MADISON.

Before a liability on the part of a defendant can be created, either an express or an implied agreement must be established.

When a suit is dismissed as to one of two or more defendants, such defendant ceases to be a party to the record, and is not concluded by the proceedings.

The identity of the person incurring liability, and the one against whom suit is brought, must be proved.

ON the 27th day of April, A. D. 1857, Francis Kerzinger filed in the clerk's office of the Circuit Court of Madison county, Illinois, a precipe and bond for costs against said Wm. Berber and Johanna Berber, in assumpsit.

And afterwards said Kerzinger filed his declaration in assumpsit, against said William Berber and Johanna Berber, containing two counts:

1st. Count for money paid, laid out and expended by plaintiff for defendant, Johanna Berber, whilst she was sole and unmarried.

2nd. Count for money found due to plaintiff from said Johanna Berber, whilst she was sole and unmarried, upon an account stated between them.

The special count filed with said declaration being for amount paid upon judgment obtained against said Kerzinger, on December 1, 1854, in Circuit Court of St. Louis county, and State of

Missouri, in a certain suit wherein the State of Missouri to the use of Jacob D. Kurlbaum, administrator of the estate of John T. Beck, was plaintiff, and Johanna Beck, Francis Kerzinger and Conrad Soergel, were defendants.

| | |
|---|---:|
| Amount of judgment. | $742.00 |
| Interest to Sept. 24th, 1856 | 87.28 |
| Costs of suit. | 13.10 |
| | $842.38 |
| Interest to commencement of suit | 29.48 |
| | $871.86 |

Afterwards, the defendants filed the plea of the general issue, and on same day, upon affidavit filed, the cause was continued until the next term.

Afterwards, at the October term of said court, the said case coming on for trial by the court, by consent, the said plaintiff, to maintain the issue on his side, offered in evidence a transcript of a record from the Circuit Court of St. Louis county, State of Missouri, which shows that a petition was filed in the office of the clerk of said Circuit Court, by the State of Missouri, to the use of Jacob D. Kurlbaum, administrator of John T. Beck, deceased, against Johanna Beck, Francis Kerzinger and Conrad Soergel.

Afterwards, at the November term, 1854, such proceedings were had, that plaintiff, by his attorney, dismissed the suit as to Johanna Beck and Conrad Soergel, but said defendant, Francis Kerzinger, having made default, judgment was entered against him for the sum of $742, and costs.

The following satisfaction is attached to said record :

" I acknowledge full and entire satisfaction of the judgment of which this is the margin. JACOB D. KURLBAUM,

*Administrator d. b. n. of John T. Beck, deceased."*

Which transcript was read, whereupon plaintiff closed his case. Defendants introduced no testimony. The foregoing being all the testimony in the case. Whereupon the court found for the plaintiff. Whereupon defendants moved for a new trial, which was overruled. Whereupon judgment was entered for said plaintiff for $750.17 ; to which finding of the court, defendants at the time excepted ; defendants, also, at the time excepted to the refusal of the court to grant a new trial in said cause.

J. D. GILLESPIE, for Plaintiffs in Error.

SLOSS & RUTHERFORD, for Defendant in Error.

WALKER, J. In this record we are unable to find any evidence which tends to establish that Johanna Beck and Johanna Berber is one and the same person. That she is the same person, is not proven by the transcript of the record and judgment of the Circuit Court of St. Louis county, in Missouri, and no other proof was adduced on the trial. By the transcript it appears that Johanna Beck, with others, was sued, and service only being had on appellee, the suit was dismissed as to her and Soergel, the other defendant, and judgment was rendered on a default alone against appellee. This record does not prove, or in the slightest degree tend to identify her as Johanna Berber. For aught that appears, she may be wholly a different person, and from the entire dissimilarity of the names, such is the presumption, until it is rebutted by proof. Although the presumption may be that appellants were married, until that fact was put in issue by a plea in abatement, yet it does not follow that Mrs. Berber is the same person who was sued as Johanna Beck. In the absence of proof of that fact, the court below erred in rendering judgment against appellants.

Again, there is no evidence in this record that appellee was the surety of Johanna Beck, even had it been proved that she had afterwards intermarried with appellant, Berber. It is true that there was such an averment in the petition filed in the St. Louis Circuit Court, but she was not a party to the record, and cannot be harmed by the default. When the suit was dismissed as to her, she ceased to be a party to the record, and is not concluded by it, any more than is any other stranger to that proceeding. The appellee and the plaintiff in that suit, and their privies, are undoubtedly concluded by it, but it is not binding on strangers. This record fails to show that she was liable either as principal or privy. There was not read in evidence in the Circuit Court any bond or other instrument upon which this proceeding was based, by which to establish her liability to repay to appellee the amount paid by him, in satisfaction of the judgment read in evidence on the trial below, nor was any agreement by her to pay it in any manner proved, nor was anything shown from which the law could imply a request. Before a liability on her part can be created, either an express or an implied agreement must be established. In the absence of such proof, the court below erred in rendering a judgment for the plaintiff.

For these reasons we are of the opinion that the court below erred, and that the judgment must be reversed, and cause remanded.

*Judgment reversed.*